IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| v. | | 1:08-cr-00356-WSD-2 |
| GUSTAVO LOPEZ, | | |
| Defendant. | | |

## OPINION AND ORDER

This matter is before the Court on Defendant Gustavo Lopez's Motion to Compel the Government to Honor Plea Agreement [1025].

## I.   BACKGROUND

On August 18, 2009, Defendant pled guilty, pursuant to a plea agreement, to Conspiracy to Possess Marijuana with Intent to Distribute, in violation of 21 U.S.C. § 846, and Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h).  (See [492]).  The plea agreement into which Defendant entered contained a cooperation provision.  (Id.).  In it, the Government agreed (i) to file a motion for a sentence reduction pursuant to Section 5K1.1, if the Defendant's cooperation was concluded by the date of sentencing; or (ii) to file a motion pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if the cooperation was completed after sentencing.  Defendant agreed: "the Government determines [whether Defendant's] cooperation qualifies as 'substantial assistance'"

under Section 5K1.1 or Rule 35.  ([492.1] at 7-9).  Defendant further agreed: "Defendant understands that the determination as to whether Defendant provided 'substantial assistance' rests solely with the Government."  (Id. at 9).  Finally, Defendant agreed:  "If the Defendant . . . engages in additional criminal conduct or other conduct inconsistent with cooperation, Defendant will not be entitled to any consideration whatsoever pursuant to this [cooperation] paragraph."  (Id.).

Defendant now moves to compel the Government to file a Rule 35 motion for sentence reduction based on Defendant's claimed cooperation.  Defendant claims the Government has operated in bad faith and has breached the plea agreement by failing to file a Rule 35 motion.

## II.   DISCUSSION

Rule 35(b) of the Federal Rules of Criminal Procedure provides:

(1)  Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved
    (A) information not known to the defendant until one year or more after sentencing;
    (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or
    (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonable apparent to the defendant.

Fed. R. Crim. P. 35(b).  It is well-settled that Rule 35(b) gives the Government the

2

power, but not the duty, to file a Rule 35(b) motion when a defendant has substantially assisted. Wade v. United States, 504 U.S. 181, 185 (1992). While it is within the prosecutor's discretion whether to file a Rule 35(b) motion for sentence reduction, "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Id. at 185-86. "Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion" or some other constitutionally impermissible reason. Id. at 186. The Wade court said further:

> It follows that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive.

Id. The Government may base its decision to decline to move for a reduction on "its rational assessment of the cost and benefit that would flow from moving" even where there was some assistance given. Id. at 187. See also United States v. Brown, 321 F.2d 347, 354 (2d. Cir. 2003); United States v. Holman, 168 F.3d 665 (3d Cir. 1999).

### III.   ANALYSIS

Defendant does not allege any cognizable ground to show he is entitled to a departure motion or to challenge the Government's decision not to make it.

Defendant generally states he provided assistance by submitting to interviews and providing information about the location of a stash house and the "whereabouts" of individuals. He summarily states his cooperation resulted in the conviction and sentencing of some co-defendants and the forfeiture of assets. He does not provide any specific information about the defendants or forfeiture amounts. He concludes: "Giving fair consideration to these factors, and deference to the prosecutor's assessment, the Court must agree that Mr. Lopez provided substantial assistance." (Mot. at 2).[1] The Government's failure to file a motion under Rule 35(b), he argues, "constitutes prosecutorial misconduct for refusing in bad faith to file said motion, as promised in the plea agreement." (Id. at 3). The Court disagrees that Defendant is entitled to a remedy.

In our circuit, whether the Government wrongfully has refused to file a Rule 35(b) motion requires a showing that the Government's refusal was constitutionally impermissible. That is, the refusal had to be because of, say, Defendant's race or religion. Put another way, the refusal to file for a sentence reduction must have been for some reason that was unconstitutional. Defendant does not allege any unconstitutional basis for the refusal to file the motion, only that he cooperated and the government acted in bad faith in finding that his

---

[1] Defendant also claims he provided information of "others" who were not prosecuted.

cooperation did not constitute substantial assistance and did not support a sentence reduction.

To the extent Defendant relies on United States v. Isaac, 141 F.3d 477 (3d Cir. 1998), to support that the Government breached their agreement, our circuit has declined to follow the reasoning in Isaac. See United States v. Scott, 184 F. App'x 916, 918 n.1 (11th Cir. 2006). In our circuit, in evaluating whether the Government wrongfully refused to file a Rule 35(b) motion, the test is, was the decision not to file based on constitutionally impermissible grounds. See id. Defendant here does not claim a constitutionally impermissible reason for not filing. He simply disagrees with the decision not to file the motion based on his belief that he cooperated sufficiently.

The Government also is allowed to conduct a rational assessment of the cost and benefit that would flow from a sentence reduction under Rule 35(b). Here, the Defendant does not acknowledge that in 2012, the Government advised that there was evidence Defendant engaged in conversations about proposed criminal activity which were intercepted on phones he used in the facility where he was incarcerated. Continuing criminal conduct erodes the usefulness of a cooperator's information and adversely affects his credibility generally and at trial specifically. A principal reason here that a Rule 35(b) motion was not filed was Defendant's

continuing involvement in the trafficking of drugs. This conduct was precisely the kind of conduct Defendant knew, when he signed his plea agreement, could preclude a Rule 35(b) motion from being filed. ([491.1] at 9).

## IV. CONCLUSION

Defendant has not provided a basis to contest the Government's decision not to file a motion for sentence reduction. He fails to show the decision was based on a constitutionally impermissible reason and does not show the decision violated any term of the agreement or that the refusal was based on grounds other those allowed by the agreement. There simply is no basis upon which to give Defendant a remedy here based on the Government's decision not to move for his sentence to be reduced. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel the Government to Honor Plea Agreement [1025] is **DENIED**.

**SO ORDERED** this 30th day of August, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE